Argued January 20, affirmed March 26, 1970

# STATE OF OREGON, *Respondent, v.*
# LEROY MOSEL HASTING,
*Appellant.*

467 P2d 124

*George V. DesBrisay,* Portland, argued the cause and filed the brief for appellant.

*Billy L. Williamson,* Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

104

Before SCHWAB, Chief Judge, and FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

Defendant was convicted upon trial by jury of illegal possession of heroin. On appeal he assigns as error the failure of the trial court to grant a motion to suppress evidence which was produced as the result of a search without a warrant of the defendant's automobile.

The assignment of error as stated by the defendant is "The court erred in ruling that there was probable cause and reasonable grounds for the search and seizure of the defendant's automobile when the arrest was warrantless and the police were acting solely upon the communications of a reliable informant."[1] The thrust of defendant's argument does not concern itself with whether there should have been a search only pursuant to a warrant, but confines itself solely to the issue of probable cause. In arguing the lack of probable cause he does not contend that the informant was not reliable or that the defendant was entitled to lawfully possess narcotics, but bases his claim of error only on the proposition that there was no corroborating information available to the police at the time they seized the contraband and the defendant. The record does not support the defendant's position.

On May 9, 1968, members of the Portland police

---

[1] Defendant's brief does not comply with Rule 19 of this court in so far as it requires that assignments of error must set out *haec verba* the pertinent portions of the record, nor does it comply with Rule 23 of this court which requires that briefs, in referring to the evidence, must make appropriate designation of pages of the transcript.

department vice squad were advised by an informant whose information they had found to be accurate on numerous previous occasions that the defendant had a quantity of heroin on his person. The informant also gave the police a description of the defendant's automobile, including its license number. Within 45 minutes the police located the defendant's automobile in front of a house in which they had previously made a narcotics seizure as a result of information from the same informant. Shortly after they located the defendant's vehicle the defendant and a woman came out of the house and entered the automobile. Immediately thereafter, the police stopped the auto, searched it, found heroin and arrested defendant.[2] After arresting the defendant the police searched him and found heroin on his heel.[1]

This case is controlled by *State v. Hollman*, 251 Or 416, 446 P2d 117 (1968), the facts of which are much like the case at hand. In *Hollman*[3] the officers acted on information from an informant that the defendant was in Room 34 of a certain hotel and had heroin in his possession. They checked the hotel register and saw that Room 34 was assigned to Hollman. They then found the defendant in that room with heroin. The officers testified that they had received reliable information from the informant on

---

[2] After the police determined that the passenger was a known narcotic addict she was placed in a taxicab and sent away.

[1] Defendant's brief does not comply with Rule 19 of this court in so far as it requires that assignments of error must set out *haec verba* the pertinent portions of the record, nor does it comply with Rule 23 of this court which requires that briefs, in referring to the evidence, must make appropriate designation of pages of the transcript.

[3] The search and arrest in *Hollman* were not pursuant to warrant. As in this case the issue of whether a warrant should have been sought was not raised.

numerous previous occasions. The court in *Hollman* held that this was sufficient to constitute probable cause when corroborated by the information from the hotel register which the officers had checked prior to going to the room number given them by the informant.

In the instant case the officers testified not only that the informant described the specific vehicle which the defendant was using, but also that the informant had earlier furnished information which made good a narcotics seizure at the address where the police found the defendant and his vehicle. There was sufficient corroboration of the reliable informant's information to constitute probable cause to search and then to arrest.

Affirmed.